#### COSDEN et al. v. CLINE et al.

#### CLINE et al. v. COSDEN et al.

Circuit Court of Appeals, Eighth Circuit.
May 23, 1929.

Nos. 7921, 7922.

Scott, District Judge, dissenting.

For former opinion, see 26 F.(2d) 631.

W. I. Williams, of Tulsa, Okl. (Nathan Newby, of Los Angeles, Cal., and Davidson & Williams, of Tulsa, Okl., on the brief), for Cline and others.

R. H. Wills, of Tulsa, Okl. (J. C. Denton, J. H. Crocker, I. L. Lockewitz, and H. M. Gray, all of Tulsa, Okl., on the brief), for Cosden and others.

Before KENYON, Circuit Judge, and SCOTT and SYMES, District Judges.

SYMES, District Judge. A petition for rehearing and a supplemental petition for rehearing on behalf of defendants in error in No. 7921, and plaintiffs in error in No. 7922, were filed and granted. The questions have been again briefed and exhaustively argued. A considerable part of the same is reiteration.

Counsel very strongly urged that the defendants had no right to "take the plaintiffs' lease and give it away, or sell it, or turn it over to anybody," and that granting defendants' offer to reassign was refused by plaintiffs, as we have decided, that then the relation of bailor and bailee was created.

■ The refusal of the offer to sell left the relation of the parties the same as before. One test of a bailment is whether an obligation exists to restore the thing delivered in the same form, and whether title passes.

A bailment is defined as the delivery of personalty for some particular purpose upon a contract; that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, etc. 6 C. J. 1084, §§ 1 and 4. In the case at bar the personal property that plaintiff claims was the subject of the bailment was never in its possession, nor did plaintiff ever transfer it to the defendants. The law of bailment has no application to the situation.

■ Counsel still insist that the defendants had no right to reassign to Gray. Amplifying our former remarks: None of the instruments that define the rights and obligations contain a covenant against assignment. The plaintiffs could not lose any benefits or rights arising out of the lease by subsequent assignments. The original lease was binding upon

all parties, and obligates all assigns, whoever they may be, to release back to the original party under the conditions named.

We adhere to our former opinion.

SCOTT, District Judge, dissents.